## STATE OF KANSAS

### JULY TERM, 1927.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,
Hon. W. W. HARVEY,    } Justices.
Hon. RICHARD J. HOPKINS,
Hon. WM. EASTON HUTCHISON,

No. 27,282.

M. W. Allen, H. H. Troxall, L. A. Ladd and R. E. Smith, *Appellees,* v. The Greenland Oil Company, O. G. Bitler, Deane Gill et al., *Appellants.*

(256 Pac. 1004.)

OPINION DENYING A REHEARING.

Appeal from Greenwood district court; Allison T. Ayres, judge. Opinion denying a rehearing filed June 20, 1927. (For original opinion of reversal see 123 Kan. 292.)

*James F. Getty,* of Kansas City, and *Homer V. Gooing,* of Eureka, for the appellants.

*Gordon A. Badger, S. F. Wicker,* both of Eureka, *G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellees.

The opinion of the court was delivered by

Dawson, J.: In a petition for a rehearing the appellees press the contention that by accepting the lease purchased by Gill from Mrs. Craft the Greenland Oil Company ratified all the instrumentalities by means of which Gill obtained that lease. Quite true. It did.

---

Agency, 2 C. J. pp. 474 n. 2, 476 n. 18.

Allen v. Greenland Oil Co.

But, given its largest possible significance, the Smith-Gill agreement was not one of those instrumentalities. It cannot be said that *but for* the Smith-Gill agreement Gill could not have purchased the lease, nor that *but for* that agreement Smith would have acquired it. The Smith-Gill agreement was a merely collateral one, if it amounted to that much; and it is elementary law that collateral agreements are not ratified merely by the ratification of a principal contract. Still less are collateral agreements with third parties, like the Smith-Gill agreement, ratified by the ratification of extraneous contracts with other parties like the Craft-Gill lease.

Moreover the doctrine of ratification of an agent's unauthorized agreements implies the existence of at least two essential elements: (*a*) that the party contracting with the agent did not know the agent lacked authority to make the agreement, and (*b*) that the principal had the privilege of repudiating the unauthorized agreement if he did not choose to ratify. Both these were wanting. Smith knew Gill did not have authority to bind his principal to an agreement to let plaintiffs have a quarter interest in the lease; and the principal did exercise its privilege of repudiating that agreement as soon as it had an opportunity to do so. The Greenland Oil Company was not bound to repudiate Gill's agreement with Sherman nor with Mrs. Craft in order effectively to clear its skirts of the unauthorized compact of Smith and Gill.

The other arguments urged by appellees to uphold the trial court's judgment have had our most deliberate and painstaking consideration, but now after several repeated consultations on this case we can discern no logical basis for that judgment, nor does the petition for a rehearing suggest anything which might lead this court to a different conclusion from that already reached. It would therefore serve no purpose to grant that rehearing. Consequently our judgment of reversal must stand.

It is so ordered.